United States District Court
Northern District of California

FIRST ONE LENDING CORPORATION, et al.,

    Plaintiffs,

    v.

THE HARTFORD CASUALTY INSURANCE COMPANY, et al.,

    Defendants.

Case No.: 3:14-mc-80160-RS (KAW)

ORDER TERMINATING MOTION TO QUASH AND MOTION FOR AN ORDER SHORTENING TIME

    The above-captioned miscellaneous action was referred to the undersigned on June 5, 2014. Defendant Hartford Casualty Insurance Company ("Hartford") has subpoenaed Casey McNamara for deposition. (Mot. to Quash, Dkt. No. 1.) McNamara represented Neighborhood Assistance Corporation of America ("NACA") when it sued First One Lending Corporation and John Vescera for disparagement, copying of an advertising idea, and slogan infringement. (*Id.* at 2.) After the case settled, First One Lending Corporation and John Vescera ("Plaintiffs") sued Hartford for bad faith denial of insurance coverage in connection with the NACA lawsuit. (*Id.* at 3.) That case is currently pending in the United States District Court for the Central District of California. (*Id.* at 1.)

    Plaintiffs move to quash the subpoena propounded by Hartford. *(Id.)* They also move for a protective order "prohibiting Hartford from further harassing discovery attempts directed at McNamara" and ask that the Court hear their motion on shortened time. (*Id.;* Mot. to Shorten Time, Dkt. No. 2.)

    The Court has reviewed the moving papers. Given that McNamara's deposition is scheduled to take place on the same date, June 10, 2014, that fact discovery is scheduled to close

in the underlying action, the parties are ordered to meet and confer to decide whether McNamara's deposition is necessary in light of the discovery that has already been completed in this case, including the deposition of defense counsel in the NACA case and the production of over 8,000 pages of documents.  (*See* Miller Decl. ¶¶ 5, 6.)  The parties should also seriously consider the likelihood that the attorney work product doctrine or the attorney client privilege may significantly narrow the scope of McNamara's deposition.  (*See* Miller Decl. ¶¶ 5, 6.)

If the parties' meet and confer efforts are unsuccessful, the deposition should proceed as scheduled.  During the deposition, the parties may, after exhausting good faith attempts to resolve disputed issues, contact the Court through the courtroom deputy.  *See* Civil L.R. 37-1(b).  If the Court is unavailable, the deposition shall proceed with objections noted for the record.  *See* Judge Westmore's General Order ¶ 16.

Furthermore, if it becomes apparent during the deposition that the sole purpose of the discovery tool was to harass the deponent or unnecessarily multiply the proceedings, the Court will entertain a proper motion for sanctions and may impose sanctions under the Court's inherent authority or pursuant to 28 U.S.C. § 1927.

IT IS SO ORDERED.

Dated: June 6, 2014

KANDIS A. WESTMORE
United States Magistrate Judge